# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 9, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \* \*
STACEY JAMES-CORNELIUS,   \*  No. 17-1616V
*on behalf of her minor child,* E.J.,  \*
            \*
   Petitioner,     \*  Special Master Sanders
            \*
v.           \*
            \*  Dismissal; Insufficient Proof;
SECRETARY OF HEALTH    \*  Human Papillomavirus ("HPV") Vaccine;
AND HUMAN SERVICES,    \*  Autonomic Nervous System Dysfunction.
            \*
   Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

  On October 27, 2017, Stacey James-Cornelius ("Petitioner") filed a petition on behalf of her minor child, E.J., pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that E.J. suffered from autonomic nervous system dysfunction as a result of the three human papillomavirus ("HPV") vaccinations he received on October 30, 2014; December 23, 2014; and May 27, 2015. Pet., ECF No. 1; Mot. Dec., ECF No. 12. The information in the record, however, does not show entitlement to an award under the Program.

  On February 9, 2018, Petitioner moved for a decision dismissing the petition. ECF No. 12. In the motion, Petitioner conceded that "an investigation of the facts has demonstrated to Petitioner that she will likely be unable to prove that she is entitled to compensation in the

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Vaccine Program." *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that E.J. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccinations, or (2) that E.J. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that E.J. suffered a "Table Injury." Further, the record does not contain persuasive evidence that E.J.'s alleged injury was caused by the HPV vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master